UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| PERRY L. ELAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-253-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DHANANJAI MENZIES, M.D., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is now pending for consideration of Plaintiff Perry Elam's ("Elam") motion to alter, amend, or vacate [Record No. 55] the Court's February 4, 2009 Memorandum Opinion and Order ("the February Order"). [Record No. 53] The February Order granted summary judgment in favor of Defendant Dhananjai Menzies ("Dr. Menzies") and dismissed Elam's suit. For the reasons discussed herein, the Court will deny Elam's motion.

At issue is a catheterization procedure performed on Elam by Dr. Menzies. Elam claims that Dr. Menzies performed this procedure negligently and, as a result, Elam had to undergo a by-pass surgery approximately one month later. He requested damages for medical expenses, loss of income and income-earning capacity, and pain and suffering. On summary judgment motion, Dr. Menzies countered that Elam's claims were barred by the statute of limitations. [Record No. 28] On February 4, 2009, the Court granted Dr. Menzies's motion for summary judgment and dismissed Elam's claims. [Record No. 53] Elam now asks for reconsideration of the February Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Alteration or amendment of the judgment is warranted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006). Courts have "considerable discretion" in ruling on Rule 59(e) motions. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Elam appears to argue that the Court's earlier opinion should be altered or amended based on a clear error of law or newly discovered evidence. Specifically, Elam contends that the Court inaccurately concluded that Elam first visited with his attorney in early 2006, and that the Court then based its dismissal on that consultation date.

This Court's earlier dismissal on statute of limitations grounds was based on four facts: (1) Elam was aware that an unsuccessful catheterization would necessitate a by-pass surgery; (2) Elam was informed by Dr. Breeding that the catheterization procedure may not have been properly performed; (3) Elam saw advertisements on television pertaining to the harmful effects of stents used in his catheterization procedure; and (4) Elam consulted an attorney in early 2006 about a possible claim. Elam now disputes the Court's reliance on the fourth factual basis. He presents evidence that he first visited an attorney in late 2006, on December 12. Taking into account this change, the Court then reconsiders the strength of the remaining facts supporting the earlier dismissal. Finding these facts sufficient to support the dismissal on statute of limitations grounds, the Court will not grant Elam's motion for alteration or amendment.

First, Elam was aware that an unsuccessful catheterization would necessitate by-pass surgery. Dr. Menzies informed Elam of this fact, and Elam himself chose to undergo the

catheterization procedure to avoid by-pass surgery. When Elam consulted another physician after the catheterization procedure, he was told that he would have to undergo by-pass surgery. At that time, he was on notice of his potential claim: he knew of his injury and its only potential source. Second, when Elam consulted this second physician, Dr. Breeding, Elam recalled that Dr. Breeding was critical of Dr. Menzies's catheterization procedure. Dr. Breeding told him that the stents placed during the catheterization were obstructing Elam's blood vessels, and that they had to be by-passed. Based on the information provided to him by Dr. Breeding, Elam was once again placed on notice of a potential claim against Dr. Menzies.

As stated in the Court's February Order, Elam possessed information sufficient to place him on notice of his claim. Under Kentucky law, the statute of limitations for medical malpractice is triggered when : (1) the plaintiff knows he has been wronged; and (2) the plaintiff knows by whom he has been wronged. *Wiseman v. Alliant Hosp. Inc.*, 37 S.W.3d 709, 712 (Ky. 2000). Elam repeatedly asserts that "he did not feel Dr. Menzies was to blame," and thus that neither of the two requirements have been met. [Record No. 55] Elam's asserted injury was the by-pass surgery and its collateral effects. This injury would be directly and clearly traceable to his earlier catheterization procedure. Both Drs. Menzies and Breeding supplied Elam with this information at the latest in October 2005. Although it may have been difficult for Elam to conclude that Dr. Menzies himself was to blame for his by-pass surgery, he at least knew that Dr. Menzies performed the catheterization procedure that led to his by-pass surgery, and he was informed that the catheterization procedure had failed when he underwent by-pass surgery. Armed with this knowledge in October 2005, Elam's June 2007 complaint is time-barred by the

one-year statute of limitations. Thus, the Court's earlier dismissal remains supported by the existing facts, regardless of when Elam first consulted with his attorney. Accordingly, it is hereby

**ORDERED** that Plaintiff Perry Elam's motion to alter, amend, or vacate is **DENIED**.

This 17th day of March, 2009.

Signed By:
*Danny C. Reeves* DCR
United States District Judge