UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| PERRY L. ELAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  6: 07-253-DCR |
| ) | |
| V. ) | |
| ) | |
| DHANANJAI MENZIES, M.D., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendant's renewed motion to exclude the testimony of the Plaintiff's proposed expert, Jay N. Schapira, M.D.  [Record No. 66] Defendant Dhananjai Menzies, M.D., contends that the opinions contained in Dr. Schapira's expert report regarding causation are purely conclusory and provide no underlying logic or reason.  The Defendant asserts that, without the testimony of Dr. Schapira, the Plaintiff cannot prove causation.  As a result, he has also moved for summary judgment.  Having considered the parties' respective arguments, the Court will deny the Defendant's motions.

**I.**

Elam first visited Dr. Menzies, a board-certified interventional cardiologist, on July 15, 2005, complaining of chest pain, shortness of breath, and extreme fatigue.  Upon examining Elam and conducting a stress test, Dr. Menzies concluded that there were multiple lesions on Elam's left anterior descending artery.  He recommended that Elam undergo cardiac catheterization, a procedure requiring the placement of stents in the affected arteries.  With

consent, Dr. Menzies performed the catheterization procedure, placing three stents in different locations.

After examining Elam a week after the procedure, Dr. Menzies found no adverse effects and concluded that Elam was convalescing. Approximately one month after the catheterization procedure, Elam returned to Dr. Menzies' office complaining of sharp chest pain. Dr. Menzies prescribed medication. Thereafter, Dr. Menzies moved to Cooperstown, New York, and Elam went to another Somerset cardiologist, Dr. Khaled Saleh. Based on Elam's complaints of chest pain, Dr. Saleh referred him to interventional cardiologist Dr. Larry Breeding who concluded that Elam would need to undergo by-pass surgery. Specifically, Dr. Breeding told Elam that the stents placed by Dr. Menzies were obstructing the blood vessel and would need to be by-passed. A final physician, Dr. Michael Sekela, was consulted and eventually performed quadruple by-pass surgery on October 24, 2005.

On June 22, 2007, Elam filed this suit alleging that Dr. Menzies negligently performed the catheterization procedure. The Scheduling Order entered September 24, 2007, required the Plaintiff to "disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2)" no later than May 31, 2008. [Record No. 11, ¶ 2] Such disclosures were required by the Defendant no later than July 31, 2008. *Id.* The Scheduling Order further required that "supplementation under Rule 26(e) shall be due within thirty (30) days of the discovery of new information, but by no later than thirty (30) days prior to the close of discovery." [Record No. 11, ¶ 3] The Plaintiff disclosed Dr. Schapira and his

report on May 30, 2008. [Record No. 22] On July 25, 2008,[1] Dr. Schapira's deposition was taken.

It is undisputed that the statute of limitation is one year from the time one knows or should have known there was a claim. This Court granted Dr. Menzies' motion for summary judgment on the basis that Elam filed the claim after the expiration of the statute of limitations. As a result, all pending motions were held to be moot, including the Defendant's motion to exclude the testimony of the Plaintiff's expert as well as his motion for summary judgment. However, the Sixth Circuit subsequently reversed the grant of summary judgment, finding that a jury issue was presented concerning when Elam knew or should have known he had a claim triggering the applicable one-year statute of limitations period.

It is undisputed that Dr. Schapira has been a cardiologist for over thirty years and has provided expert testimony in over 300 cases nationwide. The Defendant argues that Dr. Schapira's expert report fails to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Thus, Defendant Menzies contends that Dr. Schapira's testimony should be excluded at trial. Without such testimony, he argues that the Plaintiff cannot establish causation and the summary judgment should be granted.

**II.**

Defendant Menzies contends that Dr. Schapira's expert report, while timely disclosed, fails to comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Specifically, he asserts that the report fails to include "a complete statement of all

---

[1] The Plaintiff states that the deposition occurred on July 5, 2008 [Record No. 34, p. 2], but the deposition transcript indicates that the deposition was taken on July 25, 2008. [Record No. 34-2, p. 1]

opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i).

Defendant Menzies argues that Dr. Schapira's report only discusses in the following paragraphs whether the stenting procedure caused the Plaintiff's problems:

> The subsequent course of this patient came as a consequence of the complications which occurred from the placement of the stents. The stents led to restenosis which directly caused all of the subsequent complications of Mr. Elam.
>
> Mr. Elam should have been treated medically by Dr. Menzies and this would have deferred for many years the need for surgery – if it was even needed at all. Had he been treated with proper medical management, including control of cholesterol and control of other risk factors, exercise and cardiac rehabilitation measures, he could have avoided any revascularization at all.
>
> Therefore, the cause and need for cardiac by-pass surgery with all of its complications were caused by the unnecessary percutaneous coronary intervention and stent implantation performed by Dr. Menzies.
>
> Dr. Menzies, because of his negligent care, directly caused the damages that we now see in Mr. Elam; namely, coronary artery bypass surgery which has been complicated by graft occlusion and recurrent hospitalizations.

[Record No. 27, p. 4] Defendant Menzies asserts that these statements are purely conclusory and provide no underlying logic or reasoning as to causation. He further argues that Dr. Schapira fails to describe any methodology used to reach these conclusions.

The Plaintiff points out that Dr. Schapira's report discusses his extensive review of all Elam's medical records and angiograms. [Record No. 34, p. 2-3] He contends that these records were used in conjunction with the basic tenets of his profession and a long list of medical research explicitly listed in his report in order to reach his conclusions. Next, he points out that Dr. Schapira specifically reported that the Dr. Menzies misdiagnosed Elam from the stand point

-4-

of technical aspects of coronary artery disease. Based on a review of Elam's stress test, the Plaintiff notes that Dr. Schapira found that the stress test did not show the moderate ischemia which Dr. Menzies' report details. The Plaintiff further explains that Dr. Schapira found no objective evidence that there was a critical complex lesion of Elam's heart which required coronary intervention as the lesions found in the angiogram were not angiograpically significant at all. Essentially, Elam contends that Dr. Schapira's report concludes that the osteal stent should not have been inserted in the first place, and that its placement caused re-stenosis, which directly caused all of Elam's subsequent complications.

Elam claims that even if Dr. Schapira's report fails to comply with the requirements of the Federal Rules of Civil Procedure, his deposition was taken within the permissible time to supplement expert reports. He also argues that Dr. Schapira expounds upon his opinions by explaining in his deposition that the stent in the left anterior descending artery obstructed or jailed the left circumflex artery. The Plaintiff further contends that, during the deposition, Dr. Schapira went into great detail regarding how an interventional procedure caused Elam's subsequent problems explaining that the stent at the ostium of the LAD led to further occlusion in the left circumflex and it was the left circumflex occlusion that then led to bypass surgery. However, according to Dr. Menzies, a deposition cannot cure a deficient expert report. *Ciomber v. Cooperative Plus*, 527 F.3d 635, 642 (7th Cir. 2008) (Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony).

It is uncontradicted that information not disclosed in an expert's report will not be admissible at trial unless the failure was substantially justified or harmless. FED. R. CIV. P.

37(c)(1); *King v. Ford Motor Co.*, 209 F.3d 886, 900-901 (6th Cir. 2000). But this does not mean an expert is limited to merely reading his report at trial. *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006). The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report at trial. *Id*. An expert report will be excluded when it does not contain sufficient basis or reasons to support the opinions offered. *Reynolds v. Freightliner LLC*, 2006 WL 5249744, *5 (E.D. Ky. 2006) (*citing Smith v. Baptist Healthcare Sys., Inc.*, 23 F. App'x 499, 501 (6th Cir. 2001)). However, the Sixth Circuit has determined that absent an alternative convention, it can be assumed that an expert relied on the normal general standards of their profession. *Donane Pet Care Co.*, 470 F.3d at 1203.

The issue presented in this case is whether Dr. Schapira's report contained sufficient basis and reasons for all his opinions. FED. R. CIV. P. 26(a)(2)(B)(i). The Defendant relies on *Reynolds* for support. *Reynolds*, 2006 WL 5249744, at *5. In *Reynolds*, the court excluded a one and one-half page expert report because it consisted almost entirely of conclusory statements. *Id*. The court found of particular concern the lack of required basis and reasons for the opinions proffered by the expert as to conclusions unrelated to his expertise. *Id*.

After a thorough review of Dr. Schapira's report, this Court finds that it contains a sufficient basis and reasons for the conclusions and opinions he intends to express. Dr. Schapira details the medical records reviewed [Record No. 22-1, p. 1] and the literature upon which he relied in forming his opinions [Record No. 22-1, p. 8]. Dr. Schapira goes into detail evaluating Elam's medical treatment, especially the results of his stress tests. [Record No. 22-1, p. 2-6].

Then, Dr. Schapira proceeded to explain that Dr. Menzies misdiagnosed Elam based on a misreading of the thallium stress test. [Record No. 22-1, p. 6-7]. In addition, Dr. Schapira maintains that Dr. Menzies misread the angiogram films as showing a critical and complex lesion of the left anterior descending. Dr. Schapira specifically states that "there is no objective evidence that there were critical complex legions of Mr. Elam's heart." [Record No. 22-1, p. 7]

Dr. Schapira also identifies the medical records he feels were mis-read by Dr. Menzies that led to this misdiagnosis. [Record No. 22-1, p. 7] Dr. Schapira further describes that the stents led to restenosis, which directly caused all of Elam's subsequent complications. [Record No. 22-1, p. 7] Dr. Schapira asserts that the proper course of action should have been to treat Elam medically, meaning "control of cholesterol and control of other risk factors, exercise and cardiac rehabilitation measures[.]" Dr. Schapira's report includes "a complete statement of all opinions [he] will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). Thus, the Court concludes that Dr. Schipira's expert report complies with the Federal Rules of Civil Procedure and he may testify at trial based on his findings disclosed in his report.

### III.

Defendant Menzies also asserts that Dr. Schapira's report fails to meet the criteria for admissibility under the Rule 702 of the Federal Rules of Evidence. In addition to the foregoing argument, he asserts that Dr. Schapira's report is deficient and, because Dr. Schapira can only testify based on the information disclosed in his report, his testimony should be excluded. FED. R. CIV. P. 37(c)(1); *King*, 209 F.3d at 900-901. As mentioned previously, an expert is not limited to merely reading his report but may supplement, elaborate upon, explain and subject

himself to cross-examination upon his report at trial. *Doane Pet Care Co.*, 470 F.3d at 1203. However, an expert and his report must meet the requirements of Rule 702 of the Federal Rules of Evidence. This rule provides that,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Id.* Defendant Menzies correctly notes that the Sixth Circuit has adopted the following two-part test for admitting expert testimony: (1) is the expert qualified and the testimony reliable; and (2) is the evidence relevant and helpful to the trier of fact. *Reynolds*, 2006 WL 5249744, at *7 (*citing United States. v. Jones*, 107 F.3d 1147, 1156 (6th Cir. 1997)). Menzies seems to question Dr. Schapira's qualifications (*i.e.*, Dr. Schapira is not a board-certified interventional cardiologist and has only preformed two dozen bifurcation stentings). [Record No. 27, p. 3] However, he does not make any substantive argument that Dr. Schapira's qualifications do not comply with Rule 702.

Menzies does contend that Dr. Schapira *methodology* is unreliable and will not assist the jury. [Record No. 27, p. 8-10] His primary assertion is that Dr. Schapira's report fails to provide the underlying reasons for his conclusion. In determining whether an expert's methodology is reliable, the Court considers: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate or error of the theory or technique; and (4) whether the theory or technique is

generally accepted in the relevant scientific community. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-594 (1993).

Menzies points to numerous cases in which a physician's opinions were excluded for failing to provide reasons for the conclusions reached. [Record No. 27, p. 10] However, as this Court has previously discussed, Dr. Schapira's report includes a complete statement of all his opinions and the basis and reasons for them. In addition, none of the *Daubert* factors support excluding the testimony. Dr. Schapira's specifically states that he is "familiar with the standard of care regarding the diagnosis, management and treatment of patients with coronary artery disease and hypertension, such as Mr. Elam[.]" Dr. Schapira's opinions rely on the general standards of his profession, *Donane Pet Care Co.*, 470 F.3d at 1203; his review of Elam's medical records, [Record No. 22-1, p. 1]; and an extensive list of medical literature [Record No. 22-1, p. 8].

## IV.

As previously noted, Defendant Menzies has also renewed his motion for summary judgment based on the assertion that, without Dr. Schapira's testimony, the Plaintiff cannot establish the causation element. However, because the Court has determined that Dr. Schapira's testimony should not being excluded, summary judgment also will be denied.

For the reasons discussed herein, it is hereby

**ORDERED** as follows:

1.  Defendant Menzies' renewed motion to exclude the testimony of the Plaintiff's expert, Jay N. Schapira, M.D., [Record No. 66] is **DENIED**.

2. Defendant Menzies' renewed motion for summary judgment [Record No. 66] is **DENIED**.

This 30th day of March, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge