UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| PERRY L. ELAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-253-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DHANANJAI MENZIES, M.D., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Defendant Dhananjai Menzies' renewed motion to strike Plaintiff Perry Elam's supplemental and rebuttal expert disclosure which includes a 2-page letter from Dr. Breeding, a previously disclosed treating physician. Having considered the parties' respective positions concerning this issue, the Court will grant the Defendant's motion.

**I.**

On June 22, 2007, Elam filed this suit alleging that Dr. Menzies negligently performed a heart catheterization procedure.[1] The Scheduling Order entered September 24, 2007, required the Plaintiff to disclose the identity of expert witnesses who may be used at trial and

---

[1] The facts relevant to the parties' dispute are outlined in a separate Memorandum Opinion and Order filed this date. [Record No. 69] Through this separate opinion, the Court denied Defendant Menzies' motion to exclude Plaintiff's proposed expert witness, Dr. Jay N. Schapira, from testifying during the upcoming trial. The Court likewise denied the Defendant's renewed motion for summary judgment.

produce the written reports of proposed expert witnesses no later than May 31, 2008. [Record No. 11, ¶ 2] The Plaintiff's expert disclosures were made on May 30, 2008. The Scheduling Order further required that "supplementation under Rule 26(e) shall be due within thirty (30) days of the discovery of new information, but by no later than thirty (30) days prior to the close of discovery." [Record No. 11, ¶ 3] The deadline to complete pretrial discovery was October 30, 2008, which included discovery related to expert witnesses. [Record No. 11, ¶ 4] However, the Plaintiff's supplemental and rebuttal expert disclosure was made on November 10, 2008. [Record No. 25]

It is undisputed that Plaintiff's expert disclosure identified Dr. Breeding as one of eight treating physicians. Specifically, the Plaintiff's disclosure provided that:

> Dr. Breeding is Mr. Elams' treating physician. He has not been retained or specifically employed to provide expert testimony in this case. However, Plaintiff may call Dr. Breeding to provide expert testimony and opinions relating to his care and treatment of Perry Elam. Plaintiff expects that testimony to be based on Dr. Breeding's training and experience and his treatment records as they relate to Perry Elam.

[Record No. 22-2, p. 3] The Defendant contends that this disclosure limits Dr. Breeding to testimony concerning his care and treatment of Elam. He argues that Breeding cannot testify regarding his opinions regarding whether Dr. Menzies complied with the standard of care or caused any injury to Elam.

Elam did not provide a separate expert report for Dr. Breeding. However, his supplemental and rebuttal expert disclosure, filed on November 10, 2008, consists of a 2-page letter from Dr. Breeding dated October 24, 2008. Menzies asserts that, through this

letter, Dr. Breeding offers several opinions that Menzies breached the standard of care during his treatment of Elam. In addition, Dr. Breeding discusses his review of Elam's angiograms with two of his associates, Dr. Crager and Dr. Aslam, and states their findings.

The Federal Rules of Civil Procedure are clear that a "party must make [expert] disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(C). If these expert disclosures are not made, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). The Sixth Circuit has indicated that a trial court may punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (*citing Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

Elam concedes that its supplemental and rebuttal expert disclosure was untimely. However, he appears to argues that his tardiness was either harmless or substantially justified. First, he asserts that Dr. Breeding's opinions were not known within the time allotted by the Court, but that the disclosures were made soon after they were received. Next, he argues that, regardless of the supplemental and rebuttal expert disclosure, Dr. Breeding should be allowed to express an opinion concerning Dr. Menzies' care and whether such care caused injury to him. Additionally, Elam contends that Dr. Breeding's opinions, if outside the scope of Elam's treatment, are not new theories and any harm could be diminished by the taking Dr. Breeding's deposition. Finally, Elam maintains that Dr.

-3-

Breeding is a rebuttal expert to Defendant's expert, Dr. Solomon, whose deposition was taken on November 3, 2008, three days after the close of discovery.

Elam's first argument is not convincing. A meeting was held with Dr. Breeding on October 9, 2008, to determine if he would be called as a trial witness. During this meeting, Dr. Breeding asked to review the angiogram of Dr. Menzies' cardiac catheterization. On October 30, 2008, Elam's counsel claims to have received the letter in question and disclosed it to Menzies' attorney on November 10, 2008. However, regardless of whether counsel was unaware of Dr. Breeding's opinion prior to this date, the time for identifying expert witnesses and disclosing their reports had passed. Further, Elam could have asked that Dr. Breeding review the subject angiogram prior to its Court-imposed deadline. This Elam has not shown that his untimely disclosure was harmless or substantially justified.

The Court also rejects Elam's argument that, regardless of the timing of the supplemental and rebuttal expert disclosure, Dr. Breeding should be allowed to express an opinion concerning whether the care and treatment provided by the Defendant caused injury to Elam. With respect to this argument, Elam asserts that in an unrelated matter Judge David Bunning of this Court has allowed expert testimony regarding causation issues without the need for a expert report. *Roberts v. Solideal Tire, Inc.*, No. Civ.A. 06-14-DLB, 2007 WL 852289, *2 (E.D. Ky. 2007). However, in *Solideal Tire, Inc.*, Judge Bunning specifically restricted the treating physicians' testimony to their diagnosis and treatment. *Id*. Further, the Sixth Circuit has often held that a treating physician can testify solely within the scope of his own diagnosis and treatment. *Ridder v. City of Springfield*, 108 F.3d 1377 (Table),

1997 WL 117024, *4 (6th Cir. 1997). In fact, Elam's contention that *Solideal Tire, Inc.*, overruled *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), demonstrates a clear misunderstanding of the law with respect to this point. In *Fielden*, the Sixth Circuit determined that a treating physician is permitted to testify on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment. However, a treating physician is not permitted to testify to issues beyond those covered in ordinary medical training. *Fielden*, 482 F.3d at 871-872. *Solideal Tire, Inc.*, clearly follows the holding in *Fielden*.

The Court also rejects Elam's lack-of-prejudice argument that Dr. Breeding's testimony should be allowed because he does not intend to express "new theories" and that there is "ample time" for the Defendant to take Dr. Breeding's deposition. This case is scheduled for a pre-trial conference on April 19, 2010, and jury trial on May 18, 2010. The time allotted for discovery concluded long ago. Elam's bare assertion that there is no prejudice to Dr. Menzies is simply insufficient to overcome his failure to timely disclose the supplemental and rebuttal expert disclosures. In short, the Court cannot conclude that this failure was either substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1).

Finally, the Court also rejects Elam's argument that Dr. Breeding should be allowed to testify as a rebuttal expert because the Defendant's expert witness, Dr. Solomon, was deposed after the discovery deadline. Elam received Dr. Solomon's expert report in accordance with the Scheduling Order. Elam claims that Dr. Solomon's report mentioned that Dr. Breeding recommended by-pass surgery to Elam. However, he asserts that Dr.

Solomon went beyond the scope of his report by stating in his deposition that he disagreed with this recommendation. [Record No. 29, p. 11] Elam argues that the supplemental and rebuttal expert disclosure rebuts Dr. Solomon's opinion relating to Dr. Breeding's determination that there should have been only one spot stent and that Elam could have been treated medically. However, Menzies counters that the purpose of a rebuttal expert is to contradict opinions in a written report and no rule allows a rebuttal expert in response to a statement made during a deposition. *See* FED. R. CIV. P. 26(a)(2).

Menzies also argues that, under Elam's reading of Rule 26, a deposing party could ask the testifying expert a question outside the scope of his report and thereby open the door for an untimely expert disclosure. [Record No. 33, p. 5] The Defendant further reasons that, in the supplemental and rebuttal expert disclosure, Dr. Breeding discusses Dr. Menzies' breach of the standard of care but does not contradict or rebut Dr. Solomon's statement that he disagreed with aspects of Dr. Breeding's treatment. In fact, the supplemental and rebuttal expert disclosure is dated October 24, 2008, while Dr. Solomon's statements were made on November 10, 2008. The Court finds both of the Defendant's argument compelling. There is no indication that Dr. Solomon's deposition revealed any new information or opinions requiring a rebuttal expert or that Dr. Breeding is a rebuttal expert.

## II.

The Plaintiff has not established that his failure to timely disclose the supplemental and rebuttal expert disclosure was substantially justified or harmless. Accordingly, it is hereby

**ORDERED** that Defendant Dhananjai Menzies, M.D.'s renewed motion to strike Plaintiff's supplemental and rebuttal expert disclosure [Record No. 65] is **GRANTED**.

This 30th day of March, 2010.

